The cause was originally commenced in Buncombe, and notices were served upon James M. Greenlee, Henry Anderson and Stephen Edwards, the tenants in possession. Greenlee alone entered into the consent rule, and was made defendant. At the return term, the following affidavit was filed by James M. Greenlee, upon which the cause (388) was removed to Rutherford.
"The defendant swears that he cannot have a fair and impartial trial in this county, owing to the great prejudice existing against him; that the lessors of the plaintiff are men of great influence in this county, and this affiant believes they will exercise their influence to his prejudice."
Immediately after the order for removal, the following entry appeared upon the record:
"And afterwards, to wit, on the same day and year, came John M. Greenlee, by, etc., and by and with the consent of the plaintiff's attorney, and by and with the assent of the court now here, the said John M. *Page 316 
Greenlee is admitted to defend the cause in the room and stead of the said James M. Greenlee."
A verdict was returned for the defendant, which the plaintiff moved to set aside:
1. Because the affidavit for the removal was not filed by or for the defendant of record.
2. Because the affidavit was insufficient to warrant the removal.
3. Because John M. Greenlee was improperly made a defendant, as the court had no power over the cause after the order of removal was made.
The presiding judge overruled the motion and gave judgment upon the verdict, and the plaintiff appealed.
As to the first point, it appears that James M. Greenlee was the defendant at the time he made the affidavit, and when the order of removal was entered.
Upon the second point, we are of opinion that the affidavit contained matter sufficient to justify the removal of the cause. The record (389) of the cause was not to be sent from Buncombe to Rutherford until the ensuing term of the Superior Court of the latter county; the Superior Court of Buncombe could, while the cause remained there, make any orders in it by consent; this appears to have been the case with the order now complained of. Were it erroneous, the consent of the parties prevents them from objecting to it now. Upon looking through the record, we think the judgment should be affirmed.
PER CURIAM. Judgment affirmed.